UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES DEDES,<br><br>Plaintiff,<br><br>vs.<br><br>MACOMB COUNTY, ET AL.,<br><br>Defendants. | 2:18-CV-10082-TGB<br><br>**ORDER SETTING TRIAL** |

| EVENT | DEADLINE |
|---|---|
| Motions *in limine* due | TWO WEEKS before final pretrial conference |
| Responses to Motions *in limine* | ONE WEEK before final pretrial conference |
| Final Pretrial Order due | ONE WEEK before final pretrial conference |
| Settlement statements due | ONE WEEK before final pretrial conference |
| Final pretrial conference and settlement conference[1] | Wednesday, October 05, 2022 at 10:00 a.m. |
| Trailing trial dates[2] | Wednesday, October 12, 2022 at 9:00 a.m. through Wednesday, November 30, 2022 |
| Estimated length of trial | 4-6 days |
| **JURY TRIAL** | |

---

[1] Conference held via Zoom. Link to be distributed separately via email.
[2] Counsel should be prepared to begin trial at any time on 48 hours' notice within these dates.

The following practices shall govern the conduct of this case:

**TRAILING TRIAL DOCKET.** Due to the substantial backlog of jury trials and the continued limited availability of jury selection dates as a result of the COVID-19 pandemic, the Court has adopted a trailing trial docket. Unfortunately, this requires the Court to schedule several cases for trial on the same date. Moreover, the Court is neither able to provide its usual advanced notice of jury trial dates nor move a scheduled trial date absent the most extraordinary of circumstances. Counsel shall take all necessary steps – including but not limited to securing witness testimony by video and engaging backup lead trial counsel – to be prepared for trial any time on 48 hours' notice between the trailing trial dates listed above.

**FINAL PRETRIAL CONFERENCE.** Because the main focus of the final pretrial conference will be on settlement, counsel must bring their clients and any persons with full settlement authority up to Plaintiff's demand with them to the conference. The parties shall adhere to the following procedures:

All parties with settlement authority are required to be present. An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be made in whole or part by an insurer, the insurer must send a representative in person with full and complete authority to make settlement decisions. A corporate party must send an authorized representative with full and complete authority to bind the company. A governmental entity must send an authorized representative with full and complete authority to bind the governmental entity. Failure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel.

Seven days before the settlement conference, the parties shall submit confidential, ex-parte settlement statements directly to chambers. DO NOT FILE THESE STATEMENTS ON THE DOCKET. The

statements shall be limited to five (5) pages, and shall include the following:

1. A brief description of the nature of the case;
2. The parties' perceived strengths and weaknesses of their respective positions;
3. A brief summary of all settlement discussions that have taken place to date, including the history of any offers/counter-offers that have been made;
4. A statement of why the most recent demand or offer was rejected; and
5. A realistic statement of what the party requires in order to settle the case.

Counsel may also attach up to five exhibits, which are deemed to be particularly crucial to demonstrate the parties' positions.

One attorney for each party should be prepared to give a short summary of their case at the beginning of the settlement conference. The summary should identify the remaining issues in the case and the evidence that supports the party's position on those issues.

The Court will also discuss trial procedures and final pretrial matters including the trial schedule, parties' proposed voir dire questions and jury instructions, as well as any issues related to witnesses and exhibits. Unless the Court instructs otherwise, the parties must submit their witness lists one week prior to the final pretrial conference. In addition, the parties must also jointly prepare and submit their proposed voir dire questions, jury instructions, and verdict form. These jointly prepared documents must be submitted directly to chambers using the Proposed Orders function in CM/ECF and should NOT be filed on the docket.

**FINAL PRETRIAL ORDER.** The proposed Joint Final Pretrial Order must be submitted through the proposed orders function of CM/ECF on or before the date set by this order, which shall be no later than one week before the date of Final Pretrial Conference. All witnesses must be listed in the Final Pretrial Order. Witnesses may only be added to

the Final Pretrial Order by stipulation of the parties and leave of court. Counsel shall follow the procedure outlined in the court's practice guidelines to prepare for the final pretrial conference and the Final Pretrial Order. The parties shall prepare the Joint Final Pretrial Order in conformance with all the requirements of Local Rule 16.2.

**REQUIRED PRIOR TO TRIAL.** At least ONE WEEK prior to the beginning of trial, counsel shall furnish to the court the following:

In jury cases, any requests for VOIR DIRE, proposed JOINT JURY INSTRUCTIONS and the VERDICT FORM. The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form. The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

**EXHIBITS.** Counsel are required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters. A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

**JUDGE'S COPIES.** An electronic copy of the proposed Final Pretrial Order, and proposed joint Jury Instructions, and verdict form, must be submitted through the proposed orders function of CM/ECF.

DATED this 23rd day of August, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE